PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ALBERT TOWNSEND, ) | |
| ) | CASE NO. 1:20CV0420 |
| Petitioner, ) | |
| ) | JUDGE BENITA Y. PEARSON |
| v. ) | |
| ) | |
| KEITH FOLEY, Warden, ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | [Resolving ECF Nos. 3, 5, 7, 8, 9, and 10] |

**I. Background**

*Pro Se* Petitioner Albert Townsend filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2254 (ECF No. 1), along with a Motion for Appointment of Counsel (ECF No. 3). He subsequently filed other motions in the case – a Request to Proceed *In Forma Pauperis* (ECF No. 5), a Motion Seeking Leave to Amend (ECF No. 7), a Motion Seeking Leave to Stay claims still pending in the Ohio courts (ECF No. 8), another Motion to Stay to Complete Exhaustion (ECF No. 9), and a Motion to Obtain Discovery (ECF No. 10).

Although the exact grounds for the Petition (ECF No. 1) are unclear, the Petition (ECF No. 1) on its face indicates Petitioner seeks to challenge his May 2018 conviction in the Cuyahoga County, Ohio Court of Common Pleas. *See* ECF No. 1 at PageID #: 1; *State v. Townsend*, CR-17-614508-A (Cuy. Cty. Ct. Comm. Pls.). A jury found him guilty in that case on charges of rape, kidnapping, complicity to commit rape, attempted rape, and gross sexual

(1:20CV0420)

imposition, all with sexually violent predator specifications. The trial court sentenced Petitioner on May 5, 2018, and he was classified a sexual predator for purposes of sex offender registration.

Petitioner indicates he appealed his conviction and sentence. *See* ECF No. 1 at PageID #:2, ¶ 9(a)-(d). The Ohio Eighth District Court of Appeals overruled seven of his eight assignments of error, but found merit to his argument that he cannot be classified a sexually violent predator under Ohio Rev. Code § 2971.01(H)(1) for offenses he committed prior to the amendment of that statute under the Constitution's *Ex Post Facto* Clause. *See State v. Townsend*, No. 107186, 2019 WL 1417862 (Ohio App. 8th Dist. March 28, 2019). Petitioner indicates he filed a notice of appeal with the Supreme Court of Ohio. *See* ECF No. 1 at PageID #: 2, ¶ 9(g). The Supreme Court of Ohio's online docket indicates that this appeal is still pending. *See State of Ohio v. Townsend*, No. 2019-0606 (Ohio Sup. Ct.).

## II. Standard of Review and Discussion

A district court must examine a habeas petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing Section 2254 Cases; *see also* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir.1970) (district court has the duty to "screen out" petitions that lack merit on their face).

Upon review, the Court finds the Petition (ECF No. 1) must be dismissed.

Before a court may grant habeas relief to a state prisoner, the prisoner must exhaust the remedies available in the state courts. 28 U.S.C. § 2254(b); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995). "The exhaustion requirement is satisfied when the highest court in the

(1:20CV0420)

state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990) (citations omitted).

Regardless of the potential merits of any claim Petitioner seeks to raise, the Petition (ECF No. 1) is premature. Petitioner has not fully exhausted his claims in the state courts as to his May 2018 conviction because his direct appeal is still pending in the Supreme Court of Ohio.

### III. Conclusion

Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases, this action is dismissed without prejudice to Petitioner re-filing a petition upon full exhaustion of his state-court remedies. The pending motions are denied as moot. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

   June 30, 2020                                                       */s/ Benita Y. Pearson*
Date                                                              Benita Y. Pearson
                                                                        United States District Judge